

# Taus, Cebulash & Landau, llp

80 Maiden Lane, Suite 1204
New York, New York 10038
212-931-0704
www.tcllaw.com

Miles Greaves
Direct: 646-873-7650

September 11, 2018

*Via ECF*

Honorable Ramon E. Reyes, Jr., U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Brooklyn, NY 11201

**Re:** ***Hasemann v. Gerber Prods. Co*., No. 1:15-cv-02995-MKB-RER (E.D.N.Y.);**
    ***Greene v. Gerber Prods. Co*., No. 1:16-cv-01153-MKB-RER (E.D.N.Y.);**
    ***Manemeit v. Gerber Prods. Co*., No. 2:17-cv-00093-MKB-RER (E.D.N.Y.)**

### Plaintiffs' Motion to Reconsider or Clarify the Court's August 29, 2018 Order Partially Granting Defendant's Motion to Compel

Pursuant to Local Civil Rule 6.3, Plaintiffs respectfully request that the Court reconsider or clarify the portion of its August 29, 2018 Order partially granting Defendant's Motion to Compel. (Order, Aug. 28, 2018, *Hasemann* ECF No. 96 ("Order").) In that Order the Court compelled the production of all three of the Plaintiffs' children's medical records, but only because the Court found that they were "marginally relevant . . . to Plaintiffs' claims." (*Id.* at 2.) A finding of relevance, however, cannot overcome a privilege assertion, so Plaintiffs respectfully request that the Court reconsider its Order, to whatever extent it was based solely on relevance grounds. And to the extent the Court held that Plaintiffs waived the privilege (as opposed to finding that it did not apply in the first instance), Defendants' waiver arguments did not apply to all three Plaintiffs, so Plaintiffs respectfully ask that the Court reconsider or clarify its Order in order to indicate which of the three Plaintiffs it applies to.

Local Civil Rule 6.3 permits parties to file a motion for reconsideration of a court order within fourteen days after the order is entered. A motion should be granted only where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc*., 70 F.3d 255, 257 (2d Cir. 1995); *Walker v. The City of New York*, 14-CV-680 (WFK) (PK), 2018 WL 1686102, at *3 (E.D.N.Y. March 30, 2018).

Here, the Court ordered all three Plaintiffs to produce their children's medical records because they were "marginally relevant . . . to Plaintiffs' claims." (Order at 2.) But all three states at issue

Hon. Ramon E. Reyes, Jr., U.S.M.J.
September 11, 2018
Page 2

here treat medical records as privileged,[1] and a privileged document doesn't need to be produced just because it's relevant (if this were not the case, then there would be no such thing as privileged documents). *See United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) ("[P]rivilege . . . renders relevant information undiscoverable." (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976))). As a result, to the extent the Court held that relevance—by itself—overcame Plaintiffs' privilege claims, Plaintiffs ask that the Court reconsider its Order.

Second, to the extent that the Court did not base its holding solely on relevance, and agreed with one of Defendant's two waiver arguments, neither of those waiver arguments (or even a combination of the two) apply to all three Plaintiffs. More specifically:

- Defendant's first argument was that, under North Carolina statutory law, producing the children's medical records was "necessary to the proper administration of justice." (Joint Letter re: Defendant's Motion to Compel ("Letter") at 3, July 5, 2018, *Hasemann* ECF No. 63 (quoting *Rasberry v. Jacobs*, 240 N.C. App. 603, at *3 (2015) (quoting N.C. Gen. Stat. § 853)).) Plaintiffs do not believe that *Rasberry*—a drunk-driving case—applies here (Letter at 4–5), but even assuming this is the argument that the Court agreed with, it would only apply to Plaintiff Wilkerson, who lives in North Carolina. *See Tartaglia v. Paul Revere Life Ins. Co.,* 948 F. Supp. 325, 326–27 (S.D.N.Y. 1996) (under New York's conflict-of-laws principles, the law of the state where the doctor resided, and where the medical records were created, controlled the issue of the medical-record privilege).

- And as to Defendant's second waiver argument, it suggested that Plaintiffs Manemeit and Wilkerson accidentally waived their privilege at their depositions.[2] (Letter at 5–6.) Plaintiffs do not believe that single-sentence responses to objected-to questions, at a deposition (and not in front of a jury), constitute a waiver (*see id.* at 6–8), but even assuming the Court held that it did, the waiver would not apply to Plaintiff Hasemann, who Defendant never argued waived her privilege at her deposition (*id.* at 5–6).

Plaintiffs accordingly ask the Court to reconsider or clarify its August 29th Order. To the extent the Court held that privileged documents must be produced because they're relevant, Plaintiffs ask that the Court reconsider its Order and deny Gerber's Motion to Compel in its entirety. Or, to the extent the Court found a waiver, Plaintiffs ask that the Court identify the basis of the waiver and which of the three Plaintiffs its Order applies to.

DATED: September 11, 2018                    Respectfully,

                                             /s/ *Miles Greaves*
                                             Miles Greaves

---

[1] *See* N.Y. CPLR 3121; *State v. Johnson*, 814 So. 2d 390, 393 (Fla. 2002) (citing Fla. Stat. Ann. § 395.3025); N.C. Gen. Stat. Ann. § 8-53.

[2] Plaintiffs do not concede waiver of the doctor-patient privilege.  During each of Plaintiffs' depositions, counsel for Plaintiffs repeatedly objected to any of Defendant's questions relating to Plaintiffs' children's medical treatment and instructed Plaintiffs not to answer any such questions. (Letter at 6–8.)

Hon. Ramon E. Reyes, Jr., U.S.M.J.
September 11, 2018
Page 3

Brett Cebulash
Kevin Landau
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
mgreaves@tcllaw.com
bcebulash@tcllaw.com
klandau@tcllaw.com

John A. Yanchunis
Marisa Glassman
**MORGAN & MORGAN COMPLEX LITIGATION
GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 275-5275
Facsimile: (813) 222-4736
jyanchunis@forthepeople.com
mglassman@forthepeople.com

Shanon J. Carson
Shoshana Savett
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile: (215) 875-4604
scarson@bm.net
ssavett@bm.net

Michael R. Reese
George V. Granade
Carlos F. Ramirez
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com
ggranade@reesellp.com
cramirez@reesellp.com

cc: All counsel of record via ECF