UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JENNIFER HASEMANN, et al,

                Plaintiffs,              <u>SUMMARY ORDER</u>

-against-                                  15-cv-2995 (MKB) (RER)


GERBER PRODUCTS CO.,

                Defendant.
_____

JEREMY GREENE, et al,

                Plaintiffs,              <u>SUMMARY ORDER</u>

-against-                                  16-CV-1153 (MKB) (RER)


GERBER PRODUCTS CO.,

                Defendant.
_____

WENDY MANEMEIT, et al,

                Plaintiffs,             <u>SUMMARY ORDER</u>

-against-                                  2:17-CV-0093 (MKB) (RER)


GERBER PRODUCTS CO.,

                Defendant.
_____


**RAMON E. REYES, JR., U.S.M.J.:**

      Plaintiffs Jennifer Hasemann, Cetaria Wilkerson, and Wendy Manemeit (collectively,

"Plaintiffs") commenced these actions against Gerber Products Co. ("Gerber" or "Defendant")

alleging unfair trade practices and false advertising under New York, Florida, and North

Carolina law in connection with Defendant's marketing of Good Start Gentle baby formula

("GSG"). As per Local Civil Rule 6.3, Plaintiffs move the Court to reconsider its ruling granting in part the Defendant's motion to compel discovery of the Plaintiffs' children's medical records. (No. 15-CV-2995, Dkt. No. 96).  The Court previously ordered Plaintiffs to disclose the limited portion of their children's medical records containing a doctor's recommendation regarding infant formulas, but did not require Plaintiffs to disclose any other information about their children's medical conditions or treatment. (*Id.* at 2).

Plaintiffs argue that any disclosure of their children's medical records is improper because the records are protected by doctor-patient privilege. (Dkt. No. 63 at 9; Dkt. No. 99 at 2). They ask that, to the extent the Court held that the relevance of the records overcame these privilege claims, the Court reconsider its previous ruling. (Dkt. No. 99 at 2). To the extent, if any, that the Court found a basis for waiver of the privilege, the Plaintiffs request the Court to clarify its order and explain its basis for the waiver and to which of the Plaintiffs the order applies. (*Id.*)  For the reasons discussed below, the Plaintiffs' motion is denied.

## DISCUSSION

Under Local Civil Rule 6.3, a party may file a motion for reconsideration of a court order within fourteen days after the order is entered, if the moving party can point to controlling decisions or matters that the court overlooked. Motions to compel are entrusted to the discretion of the district court, which "has 'wide latitude to determine the scope of discovery,' and abuses its discretion 'only when the discovery is so limited as to affect a party's substantial rights.'" *Brown v. Coleman*, 514 F. App'x 6, 8 (2d Cir. 2013) (quoting *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)). Here, the Court must balance the relevancy of the disclosure with the privacy rights of Plaintiffs' children.

There is no doctor-patient privilege in federal law. *United States v. Univ. Hosp. of State Univ. of New York at Stony Brook*, 575 F. Supp. 607, 611 (E.D.N.Y. 1983), *aff'd*, 729 F.2d 144 (2d Cir. 1984). However, when a case is in federal court on diversity grounds, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Here, Plaintiffs are alleging unfair trade practices and false advertising under New York, North Carolina, and Florida law. Therefore, state-law doctor-patient privilege under New York, North Carolina, and Florida law applies. (Dkt. No. 99 at 2, n. 1); Fed. R. Evid. 501. New York and North Carolina's doctor-patient privilege laws share similar statutory language. Both protect information that a medical professional acquires "in attending a patient in a professional capacity, and which was necessary to enable [the medical professional] to act in that capacity." N.Y. C.P.L.R. 4504 (McKinney 2018); *see also* N.C. Gen. Stat. Ann. § 8-53 ("No person, duly authorized to practice physic or surgery, shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon."). Florida privilege law is broader and does not limit protections to only information necessary for treatment, but rather includes "[i]nformation disclosed to a health care practitioner by a patient in the course of the care and treatment." Fla. Stat. Ann. § 456.057(7)(c) (West 2013); *State v. Sun*, 82 So. 3d 866, 872 (Fla. Dist. Ct. App. 2011). All three states protect communications made by patients to their doctors regarding their medical treatment, and communications made by doctors to patients in prescribing treatment. *See* Fla. Stat. Ann. § 456.057 (7)(c); N.Y. C.P.L.R. 4504; N.C. Gen. Stat. Ann. § 8-53.  However, the communications at issue here, general recommendations from a doctor or medical office about which formula to feed an infant, arguably would not fall under these protections because they were not disclosed

by the patient in the course of treatment, nor was the information exchanged as part of a prescribed course of treatment by the doctors.

Even if the specific communications in question are generally privileged, the Court has limited the scope of the requested disclosure to have minimal effect on the Plaintiffs' children's privacy. The Court's earlier order, (Dkt. No. 96), only required disclosure of communications that "recommended certain formulas or otherwise provided information that may have caused Plaintiffs to use Defendant's products." All other information in the medical records may be redacted or excluded. Plaintiffs are not required to provide any information about their children's medical conditions or treatments unrelated to their decision to purchase GSG.

While the Court acknowledges that the Plaintiffs have not broadly waived their children's doctor-patient privileges by bringing this lawsuit, the limited communications between the Plaintiffs and their doctors regarding formula choices are at issue in this action because of the Plaintiffs' false advertising and fraud claims. (*See* 15-CV-2995, Complaint, Dkt. No. 1 at 24; 16-CV-1153, Complaint, Dkt. No. 1 at 33; 2:17-CV-0093, Complaint, Dkt. No. 1 at 28). Under the laws of each state, a plaintiff who brings a claim of false advertising or fraud must show that they relied on the false advertising to their detriment. *See, e.g., Rollins, Inc. v. Butland*, 951 So. 2d 860, 877 (Fla. Dist. Ct. App. 2006); *Cobb v. Pennsylvania Life Ins. Co.*, 215 N.C. App. 268, 277, 715 S.E.2d 541, 549–50 (2011); *Ackerman v. Coca-Cola Co.*, No. 09-CV-395 (DLI) (RML), 2013 WL 7044866, at *2 (E.D.N.Y. July 18, 2013). To the extent that the limited portion of the medical records discussed above may demonstrate that Plaintiffs relied on something other than Gerber's advertising in their decision to purchase GSG, that information is relevant and discoverable. Plaintiffs should not be allowed to hide behind privilege to obfuscate facts that they, themselves, have put at issue by bringing this lawsuit.

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs' motion for reconsideration is denied. All named plaintiffs must produce any portion of their children's medical records that contain recommendations from medical providers regarding certain formulas or otherwise provide information that may have caused Plaintiffs to use Defendant's products. Plaintiffs have 30 days from the date of this order to produce the records in redacted form or to submit an affidavit stating that the records contain no such recommendations or information.

SO ORDERED.

_____/s/_____

Ramon E. Reyes, Jr.
United States Magistrate Judge

Dated: October 9, 2018
        Brooklyn, NY