

**ELLEN T. NOTEWARE** / *SHAREHOLDER*
d 215.875.3051 | enoteware@bm.net

January 8, 2025

Honorable Eric R. Komitee, U.S.D.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   ***Hasemann v. Gerber Prods. Co.***, No. 1:15-cv-02995-EK-JAM (E.D.N.Y.)
             ***Manemeit, v. Gerber Prods. Co.***, No. 2:17-cv-00093-EK-JAM (E.D.N.Y.)

Dear Judge Komitee:

      I write on behalf of the Plaintiffs in the above-referenced case to alert the Court to an issue that arose for the first time yesterday that Plaintiffs respectfully request the Court consider during tomorrow's scheduled pretrial conference.

      Last night, at 11:50 p.m., almost five years after the close of fact discovery and less than three weeks before jury selection in this case is scheduled to begin, counsel for Defendant Gerber produced to Plaintiffs new versions of 61 documents that are on the parties' trial exhibit lists. Gerber provided Plaintiffs for the first time, many of these documents in native format; Gerber originally produced these documents as images (tiffs and jpgs) during discovery. The newly produced documents include new substantive information such as "Speakers' Notes" contained in PowerPoint presentations and "Tracked Changes" and "Reviewer Comments" on draft documents. The new native and draft versions of the trial exhibits, containing new relevant, substantive information should have been produced to Plaintiffs during discovery years ago so that Plaintiffs could have reviewed them at the time and used them during fact depositions and during the expert discovery phase of the case. Moreover, at least two of the documents have been redacted for privilege, yet no privilege log has been provided, and the metadata for the production was also not made available.

      Gerber first informed Plaintiffs that it intended to produce these materials only hours before producing them, via a letter that Gerber's counsel sent to Plaintiffs yesterday afternoon at 4:44 p.m. *See* Jan. 7, 2024 letter from Justine Goeke, attached hereto as Exhibit A. Gerber sent the letter 16 minutes before the parties held a meet and confer call concerning certain pretrial issues. During the call, Plaintiffs' counsel asked Gerber's counsel to explain why these relevant materials were



Page 2 of 2

previously withheld from production and how and when they were discovered, but Gerber's counsel refused to provide any specific explanation.

Plaintiffs are working their way through the materials which were not produced in a usable manner by Gerber—they were produced with different bates numbers than the originally-produced versions that appear on the parties' exhibit lists. Gerber's belated production will create a significant amount of paralegal work, including processing the newly produced materials and recreating witness binders, in addition to requiring a significant lawyer review time—both of which are precious commodities given the proximity to trial, as Gerber is well-aware. Worst of all, in its letter, Gerber indicated that it "intends to re-produce in color additional documents identified on the parties' exhibit lists and families in the coming weeks." *See* Ex. A at 2. Plaintiffs are unsure which, how many, and when additional reproduced documents—which should have been produced a half-decade ago—will arrive from Gerber's counsel. Plaintiffs are also left wondering whether additional responsive documents exist that should have been produced years ago.

Plaintiffs would appreciate discussing this issue with the Court at tomorrow's conference.

Sincerely,

Ellen T. Noteware